IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN DOUGHERTY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4820 |
| WELLS FARGO HOME LOANS, INC., | : | |
| | : | |
| Defendant. | : | |

**SURRICK, J.**                                                                                                  **MARCH 28, 2006**

## MEMORANDUM & ORDER

Presently before the Court is Motion of Defendant, Wells Fargo Home Mortgage, To Dismiss The Complaint (Doc. No. 5). For the following reasons, Defendant's Motion will be granted in part and denied in part.

**I.    BACKGROUND**

In 1988, Plaintiff executed a mortgage in favor of Weichert Mortgage Company, Inc. On March 31, 2000, Plaintiff filed a petition for bankruptcy protection in the Eastern District of Pennsylvania under Chapter 13 of the Bankruptcy Code. *In re Dougherty*, No. 00-14171 (Bankr. E.D. Pa. Mar. 31, 2000). On June 30, 2000, G.E. Capital Mortgage Services, Inc. ("G.E. Capital"), which was servicing Plaintiff's mortgage, filed a proof of claim in Plaintiff's bankruptcy, which was then amended on September 1, 2000. (Doc. No. 1 at Ex. E.) On or about September 12, 2000, G.E. Capital assigned its mortgage portfolio, including Plaintiff's mortgage, to Wells Fargo Home Mortgage ("Defendant" or "Wells Fargo"), a mortgage servicing company.[1] (Doc. No. 1 ¶ 45.) On October 13, 2000, Plaintiff's Chapter 13 plan was confirmed.

---

[1] In its Memorandum of Law in support of its Motion, Defendant states that the caption in this matter erroneously names "Wells Fargo Home Loans, Inc." as the defendant. (Doc. No. 5 at

(Doc. No. 1 ¶ 50.)  In December 2001, after Plaintiff fell behind on her mortgage obligations, G.E Capital filed for relief from the automatic stay in Plaintiff's bankruptcy.  (Doc. No. 1 at Ex. A.)  In February 2002, Plaintiff and G.E. Capital stipulated a resolution of the arrears.  (Doc. No. 1 ¶; *id.* at Ex. B.).

On March 26, 2004, in response to a request by Plaintiff, Defendant provided a payoff statement to Plaintiff that included a charge for "Recoverable Corporate Advance" of $3,768.50. (*Id.* at Ex. F.)  Plaintiff asserts that "Recoverable Corporate Advance" represents mortgage-related attorney's fees and costs, and that at no time prior to this letter did Defendant notify or indicate to Plaintiff that Plaintiff was being charged these attorney's fees.  (*Id.* ¶ 54.)  Plaintiff further alleges that $1,317.50 of the Advance is for post-petition bankruptcy fees.  (*Id.* ¶ 59.)  On May 19, 2004, Plaintiff paid Defendant the full amount of its payoff statement, including the disputed fees.  (*Id.* ¶ 51.)  On October 14, 2004, Plaintiff filed this Class Action Complaint seeking relief for Defendant's alleged misconduct based upon the following theories:  violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a, *et seq*. (Count One); violation of the Bankruptcy Code (Count Two); breach of contract (Count Three); and unfair trade practices in violation of Pennsylvania law (Count Four).  Plaintiff's bankruptcy was discharged on November 30, 2004.  (Doc No. 7 at 4.)

---

1.) Defendant avers that no such entity exists, but that Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., serviced the loan that is the subject of Plaintiff's Complaint.  (*Id.*)  When we refer to "Defendant" or "Wells Fargo" we will be
referring to Wells Fargo Home Mortgage.

## II. LEGAL STANDARD

When considering a motion to dismiss a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). The court may dismiss a complaint only if "'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *H. J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249 (1989) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When considering a motion to dismiss, we need not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)).

Generally, when a defendant moves to dismiss a complaint and submits documents outside the complaint for consideration, the court should convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(c); *Angelino v. The N.Y. Times Co.*, 200 F.3d 73, 88 (3d Cir. 2000). However, the Third Circuit has determined that "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Here, the parties both agreed to the submission of the underlying mortgage instrument upon which Plaintiff has based some of her claims. Because the mortgage document is integral to the complaint, we will consider it in deciding Defendants' motion to dismiss. *See Gurfein v. Sovereign Group*, 826 F. Supp. 890, 898 (E.D.

Pa. 1993); *see also Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 151, 154 n.5 (3d Cir. 1998) (district court properly considered evidence attached by defendant and relied on by both parties when it granted defendant's motion to dismiss).

### III.   LEGAL ANAYLSIS

####    A.   Count Two:  Section 506 of the Bankruptcy Code

In Count Two of her Complaint, Plaintiff alleges that § 506(b) of the Bankruptcy Code requires that any bankruptcy-related attorney's fees and costs assessed by Defendant after the bankruptcy petition is filed are not allowed without application to and approval by the bankruptcy court.[2]  (Doc. No. 1 at 23.)  Plaintiff contends that because Defendant did not seek nor receive such approval from the bankruptcy court, the attorney's fees that Defendant charged to Plaintiff are not permitted under the Code.  Plaintiff further contends that this Court should use

---

[2] Section 506(b) provides, in pertinent part:

> To the extent that an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or state statute under which such claim arose.

11 U.S.C. § 506(b).

its powers pursuant to § 105 of the Code[3] to essentially create a private right of action for § 506(b).

The Third Circuit recently addressed this very issue in the case of *Joubert v. ABN AMRO Mortgage Group, Inc. (In re Joubert)*, 411 F.3d 452 (3d Cir. 2005), a case that is strikingly similar to the instant case.[4]  In *Joubert*, the plaintiff paid a "corporate advance balance" in connection with her mortgage obligations to the defendant, and alleged that this balance represented the defendant's post-petition, pre-confirmation attorney's fees. *Id.* at 454.  The plaintiff in *Joubert* contended that the defendant mortgage company had failed to provide written notice of the fees, thus depriving the plaintiff of bankruptcy court oversight of the reasonableness of the fee. *Id.*  The plaintiff argued that the fees violated § 506(b) and that the court should imply a private right of action for this violation through § 105(a). *Id.*  The Third Circuit observed that § 105(a) "has a limited scope," and "does not 'create substantive rights that would otherwise be unavailable under the Bankruptcy Code.'" *Id.* at 455 (quoting *In re Cont'l Airlines*, 203 F.3d 203 (3d Cir. 2000)).  The Court noted that the typical challenge to creditor collection efforts occurs post-discharge, thus arising under 11 U.S.C. § 524. *Id.*  However, the plaintiff in *Joubert*

---

[3] Section 105 provides, in pertinent part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105.

[4] Plaintiff's counsel in *Joubert* and Plaintiff's counsel here are the same.

challenged the collection of attorney's fees which were first disclosed in the interim between confirmation and discharge. *See id.* Thus, § 524 could not be used as a vehicle for relief, and relief was sought under §§ 105(a) and 506(b). The Third Circuit concluded that the difference in the timing of the disclosure does not control the outcome. Relying on case law regarding challenges under § 524, the Court determined that § 105(a) "does not afford debtors a private cause of action to remedy alleged violations of § 506(b)." *Id.* Clearly, *Joubert* is controlling here. Accordingly, Count Two of Plaintiff's Complaint does not state a claim for which relief can be granted. Count Two will be dismissed.

      B.     **Count One:  Section 1692 of the FDCPA**

           1.     <u>Preclusion</u>

In Count One of the Complaint, Plaintiff alleges that Defendant has violated both § 1692e and § 1692f of the FDCPA. In response, Defendant asserts that Count One must be dismissed because the FDCPA claim is precluded by the Bankruptcy Code.

"When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other . . . . It takes either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). The Third Circuit has not addressed the issue of whether claims under the FDCPA are precluded by the Bankruptcy Code. We will, therefore, look to the case law in other jurisdictions.

There appears to be no unanimity among the courts on the issue of the Code's preclusive effect on FDCPA claims. In *Diamante v. Solomon & Solomon, P.C.*, No. 99-1339, 2001 WL 1217226 (N.D.N.Y. Sept. 18, 2001), a bankruptcy court determined that the defendant had

6

violated the injunction provision of 11 U.S.C. § 524 when it froze the plaintiff's bank account. Plaintiff brought an action in the district court contending that the defendant had violated the FDCPA. After examining the case law on the issue, the *Diamante* court concluded that the Code precluded Plaintiff's FDCPA claim. The court noted that § 524 of the Code, the violation of which was the basis for the FDCPA claim, provided for a specific remedy for violations of that provision—a civil contempt proceeding—and that to allow the plaintiff to circumvent that provision and its remedy by bringing an FDCPA claim "would directly contravene the Bankruptcy Code's remedial scheme." *Id.* at *7. Other courts have come to the same conclusion where the collection occurred post-discharge. *See Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002) (plaintiff's FDCPA claim, based on an alleged violation of § 524, "necessarily entails bankruptcy-laden determinations"; to permit a claim under FDCPA "would allow through the back door what [plaintiff] cannot accomplish through the front door—a private right of action [under § 524]"); *Kibler v. WFS Fin., Inc.*, No. 00-5217, 2000 WL 1470655 (C.D. Cal. Sept. 13, 2000). However, the instant case does not involve § 524 of the Bankruptcy Code. The disclosure and collection of the improper fees both occurred prior to Plaintiff's discharge from bankruptcy.

In the case of *Randolph v. IMBS, Inc.*, the Seventh Circuit addressed the question of whether an FDCPA claim was precluded where it was based upon the automatic stay provision of § 362 of the Bankruptcy Code. The district court had held that remedies under the Bankruptcy Code are the only recourse against post-bankruptcy debt-collection efforts, so that the Code trumps the FDCPA when they deal with the same subject. *Randolph*, 368 F.3d at 728. The

Seventh Circuit disagreed. Setting forth its own analysis, the Court noted that there was no irreconcilable conflict between the Code and the FDCPA:

> It would be better to recognize that the statutes overlap, each with coverage that the other lacks—the Code covers all persons, not just debt collectors, and all activities in bankruptcy; the FDCPA covers all activities by debt collectors, not just those affecting debtors in bankruptcy. Overlapping statutes do not repeal one another by implication; as long as people can comply with both, then courts can enforce both.

*Id.* at 731; *see also Wagner v. Ocwen Fed. Bank*, No. 99-5404, 2000 WL 1382222, at *2 (N.D. Ill. Aug. 28, 2000) ("[Plaintiff's FDCPA] claim can be determined without doing violence to the Bankruptcy Code's purpose of adjudicating all claims in a single proceeding. . . . [Plaintiff] has not attempted to bypass any remedies provided to her under the Code while her bankruptcy petition was pending . . . ."). In support of its position, the *Randolph* court further noted that the purposes of the two statutes are different: the FDCPA "regulates how debt collectors interact with debtors" whereas the Bankruptcy Code regulates "what assets are made available to which creditors and how much is left for debtors." *Randolph*, 368 F.3d at 731.

In this case, Defendant Wells Fargo does not point to any specific, applicable provision of the Code that directly conflicts with the FDCPA, such that Defendant would be unable to comply with both provisions. We can see little justification for concluding that preclusion is necessary in this instance.

Plaintiff also argues that her claims under the FDCPA are premised on the imposition and collection of charges done "outside of and in disregard of the bankruptcy procedure," in contrast to those cases in which courts ruled in favor of preemption where the alleged misconduct occurred in and during the bankruptcy proceedings themselves. (Doc. No. 7 at 5.) For instance, in *Gray-Mapp v. Sherman*, 100 F. Supp. 2d 810 (N.D. Ill. 1999), the debtor brought a claim

under the FDCPA based on a creditor's filing of an allegedly inflated proof of claim during the bankruptcy.  The *Gray-Mapp* court held that the Code was the exclusive remedy for such a claim.  *Id.* at 811; *see also Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, No. 98-4820, 1999 WL 284788 (N.D. Ill. Apr. 26, 1999).  The implication of Plaintiff's argument is that, should we allow Plaintiff's FDCPA claims to go forward, they will not interfere with the administration of her bankruptcy, especially considering that she received a discharge from the bankruptcy court on November 30, 2004.  The court in *Molloy v. Primus Auto. Fin. Servs.*, 247 B.R. 804 (C.D. Cal. 2000), reached such a conclusion.  In *Molloy*, the court held that Plaintiff's FDCPA claim was not precluded by the Bankruptcy Code.  The court distinguished those cases involving allegations of misconduct during the bankruptcy proceedings, where allowing an FDCPA claim to go forward "could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate."  *Id.* at 820.  The *Molloy* court observed that the plaintiff's FDCPA claim was premised solely on the defendant's debt collection activities "outside of and in disregard of the bankruptcy proceeding."  *Id.*  While the *Molloy* case dealt with a debtor who had already been discharged by the time the alleged debt collection misconduct had occurred, we are satisfied that Defendant's alleged misconduct here, post-confirmation, is sufficiently removed from Plaintiff's bankruptcy proceedings so that there is no risk of undermining the Code's provisions for the administration of the debtor's estate.

  For these reasons, we will deny Defendant's request to dismiss Plaintiff's FDCPA claims on grounds of preclusion.

2. Section 1692f

Even though Plaintiff's FDCPA claims are not precluded by the Bankruptcy Code, Plaintiff's Complaint does not state a violation of § 1692f.  Section 1692f provides, in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:  (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. § 1692f.  Paragraph 7 of Plaintiff's mortgage instrument provides, in pertinent part:

> If . . . there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy . . . ), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property.  Lender's actions may include . . . paying reasonable attorney's fees . . . .
>
> Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

In her Complaint, Plaintiff alleges that the attorney's fees and costs that Defendant charged her should have been approved by the bankruptcy court, and that the fees were "above and beyond" reasonable.  (Doc. No. 1 ¶¶ 6-7.)  She contends that the imposition and collection of these disputed fees, without bankruptcy approval, violates § 1692f(1).  (*Id.* ¶ 84. )

In *Dawson v. Dovenmuehle Mortgage, Inc.*, No. 00-6171, 2002 WL 501499 (E.D. Pa. Apr. 3, 2002), plaintiff's counsel made a similar claim against a mortgage company on behalf of

a debtor.[5]  Plaintiff alleged that the defendant mortgage company had violated § 1692f by unlawfully billing the plaintiff for attorney's fees incurred in relation to the bankruptcy proceeding.  *Id.* at *1.  The defendant mortgage company contended that it was entitled to recover any attorney's fees that were necessary to be incurred in accordance with the mortgage, that the legal fees were expressly authorized by the language in the mortgage, and that charging the plaintiff for the attorney's fees without bankruptcy court approval was lawful and in compliance with the language in the mortgage instrument.  *Id.* at *2.  The language in paragraph 7 of the mortgage instrument at issue in *Dawson* is identical to the language cited above.  The *Dawson* court held that § 1692f did not apply to the defendant mortgage company, because it was not a "debt collector" as defined in the statute.[6]  *Id.* at *5.  The court also noted that "the language in paragraph 7 of the instrument could not be in violation of 15 U.S.C. § 1692f(1),

---

[5] Again, Plaintiff's counsel here and plaintiff's counsel in *Dawson* are the same.  Moreover, *Dawson* is also a class action complaint.

[6] The FDCPA does not apply to debt collectors.  According to the statute, a "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ."  15 U.S.C. § 1692a(6)(F).  In *Dawson*, the court noted that the FDCPA applies to a mortgage servicing company only where the mortgage at issue was already in default at the time when servicing began.  *Dawson*, 2002 WL 501499, at *5.  Because the plaintiff in *Dawson* alleged that he was current with his mortgage obligation and that the assignment to the defendant occurred before any default, the statute did not apply.  *Id.*  Here, Plaintiff alleges that when G.E. Capital assigned its mortgage portfolio to Defendant Wells Fargo, Plaintiff's loan was in default, and thus Defendant does not fall into this exception to the definition of debt collector in the FDCPA. (Doc. No. 1 ¶ 46.)  As evidence of this, Plaintiff refers to the proof of claim that G.E. Capital filed in Plaintiff's bankruptcy on June 30, 2000.  Defendant does not refute this point.  Although some courts have held that mortgage servicing companies are not debt collectors and are thus statutorily exempt from FDCPA liability, *see, e.g.*, *Zlupko v. Wash. Mut. Bank*, No. 02-1179, 2004 WL 2297400, at *2 n.2 (E.D. Pa. Oct. 13, 2004); *Scott v. Wells Fargo Home Mortgage Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003), for the purposes of this Memorandum, we will assume that Defendant is a debt collector as defined in the FDCPA, such that § 1692 applies.

since in interpreting the language in paragraph 7 courts have concluded that the language permits a mortgagee to charge a mortgagor for the mortgagee's attorneys' fees and other expenses incurred during the mortgagor's bankruptcy." *Id.* at *5 (citing *In re Trabal*, 254 B.R. 99, 103 (Bankr. D.N.J. 2000)).  We agree.

Here, Plaintiff contends that Defendant violated § 1692f(1) by charging her for fees, including pre- and post-confirmation attorney's fees, which were incurred post-petition and which were never brought before the bankruptcy court for approval.  (Doc. No. 7 at 3-4.)  However, paragraph 7 expressly authorizes Defendant to pay costs to protect the value of the mortgaged property, including attorney's fees, and to charge Plaintiff for such fees.  Plaintiff's contention that the attorney's fees were not reasonable is more properly addressed in her breach of contract claim.  *See Dawson*, 2002 WL 501499, at *6.  Because Plaintiff's FDCPA claim is based on fees incurred during Plaintiff's bankruptcy, and because those fees were charged pursuant to paragraph 7 of the underlying mortgage document, her claim will be dismissed.

      3.    <u>Section 1692e</u>

Section 1692e provides:  "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Unlike § 1692f, this provision of the FDCPA does not contain an exception for collection of amounts expressly authorized by the agreement creating the debt.  Thus, "[e]ven if attorneys' fees are authorized by contract . . . and even if the fees are reasonable, debt collectors must still clearly and fairly communicate information about the amount of the debt to debtors."  *Fields v. Wilber Law Firm*, 383 F.3d 562, 565 (7th Cir. 2004).  Plaintiff alleges Defendant violated § 1692e by using false representations and means in connection with the collection of illegal

attorney's fees, including "*sub silentio*" accumulation of the fees, the use of deceptive phrases such as "recoverable corporate advances," the failure to provide notice of such charges, and the failure to obtain bankruptcy court approval of such charges. (Doc. No. 1 ¶¶ 79-85.)

In *Fields*, the plaintiff's account balance, as stated by the defendant in a communication to plaintiff, exceeded the plaintiff's principal obligation because it included attorney's fees, but nowhere did the defendant explain to the plaintiff that such fees were included in the balance. *Fields*, 383 F.3d 566. The Seventh Circuit observed that an unsophisticated consumer could reasonably be confused by this tactic, noting that "[i]t is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." *Id.* The *Fields* court advised that a defendant debt collector could avoid violation of § 1692e by itemizing the various charges that comprise the total amount of the debt. *Id.* In the case at bar, Defendant did itemize the charges to Plaintiff, although the attorney's fees and costs at issue were not identified as such. Instead, they were listed as "recoverable corporate advances." (Doc. No. 1 at Ex. F.) Describing the contested fees as "recoverable corporate advances" may be confusing and deceptive to an unsophisticated consumer. *Cf. Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 598 (7th Cir. 2004) (defendant did not violate § 1692e where attorney's fees were separately listed and identified in loan payoff letter). *See generally Porter v. Fairbanks Capital Corp.*, No. 01-9106, 2003 WL 21210115, at *5 (N.D. Ill. May 21, 2003) (denying motion to dismiss claim alleging violation of § 1692e based on attorney's fees listed under category of "recoverable corporate advances"). Plaintiff has sufficiently stated a claim under § 1692e.

### C. Counts Three and Four: State Law Claims

Count Three of Plaintiff's Complaint alleges that Defendant breached its contract with Plaintiff by charging Plaintiff for the allegedly unreasonable and unnecessary attorney's fees, by failing to obtain bankruptcy court approval for such fees, and by failing to provide Plaintiff with notice of the charges.  (Doc. No. 1 ¶¶ 97-105.)  Count Four alleges that Defendant engaged in unfair trade practices in violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 202.1 *et seq.*, and Pennsylvania's Fair Credit Extension Uniformity Act, 73 Pa. Cons. Stat §§ 2270.4 and 2270.5.  (*Id.* ¶¶ 106-113.)

Defendant makes two arguments for dismissing Plaintiff's state law claims.  First, Defendant contends that these claims should be dismissed for lack of subject matter jurisdiction.  (Doc. No. 5 at 13.)  However, because we have determined that Plaintiff has stated a claim for relief under federal law, 15 U.S.C. § 1692e, we will exercise supplemental jurisdiction over her state law claims.  *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").

Defendant also argues that the state law claims should be dismissed with prejudice because they are preempted by the Bankruptcy Code.  Federal preemption of state law generally breaks down into three categories.  First, Congress can make its intent known through explicit statutory language.  *English v. Gen. Elec. Co.*, 496 U.S. 72, 78 (1990).  In the absence of such language, "state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively."  *Id.* at 79.  However, "courts should not lightly infer preemption."  *Int'l Paper Co. v. Ouellette*, 479 U.S. 481, 491 (1987).  "Finally, state law is

14

pre-empted to the extent that it actually conflicts with federal law." *English*, 496 U.S. at 79.  The Supreme Court has thus found preemption "where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* (internal quotations omitted).

In support of its argument for preemption, Defendant cites to the Sixth Circuit's decision in *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417 (6th Cir. 2000).  In that case, the defendant solicited a reaffirmation agreement from the plaintiffs during the plaintiffs' Chapter 7 bankruptcy.  The plaintiffs signed the agreement and later received their discharge in bankruptcy. *Id.* at 420.  Later still, the plaintiffs brought a class action against the defendant, alleging violations of 11 U.S.C. §§ 524 and 362, and asserting a state law claim of unjust enrichment.  *Id.* The Sixth Circuit observed that courts have typically deemed state law unjust enrichment claims to be preempted.  *Id.* at 426.  The *Pertuso* court went on to conclude that the plaintiffs' state law claim presupposed a violation of the Bankruptcy Code, and that permitting state law causes of action "would undermine the uniformity the Code endeavors to preserve, and would stand as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 426 (internal citations omitted.)

Defendant's reliance on *Pertuso* is misplaced.  As an initial matter, contrary to Defendant's assertions, Plaintiff's state law claims do not presuppose violations of the Bankruptcy Code.  Consequently, there is no risk of conflict between enforcement of the state laws and enforcement of the federal bankruptcy laws.  Indeed, merely because a Plaintiff brings a state law claim in the context of a bankruptcy matter does not justify preemption of those claims, particularly where the underlying facts of the state law claim are not based on a violation of the

15

Code.  *See, e.g.*, *Patterson v. Chrysler Fin. Co. (In re Patterson)*, 263 B.R. 82 (Bankr. E.D. Pa. 2001) (addressing debtor's claims based on Pennsylvania's UTPCPL); *Dukes v. Firstrust Bank & Blvd. Mortgage Co. (In re Dukes)*, Nos. 91-05339, 96-1004, 1997 WL 860676 (Bankr. E.D. Pa. Nov. 7, 1997) (same).

In addition, Defendant's alleged misconduct occurred after Plaintiff's Plan had been confirmed by the bankruptcy court and the bulk of the bankruptcy proceedings had already occurred.  There is thus little risk that allowing Plaintiff's state law claims for breach of contract and unfair trade practices to go forward will disrupt the uniform application of the federal bankruptcy laws or contravene congressional purpose.  This is in contrast to those cases in which the alleged misconduct occurred early on in bankruptcy proceedings.  *See, e.g., Abramson v. Federman & Phelan, LLP (In re Abramson)*, 313 B.R. 195, 198 (Bankr. W.D. Pa. 2004).

We therefore conclude that Defendant's Motion to Dismiss must be denied with respect to Plaintiff's state law claims.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAUREEN DOUGHERTY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 04-CV-4820 |
| WELLS FARGO HOME LOANS, INC., | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

AND NOW, this 28th day of March, 2006, upon consideration of the Motion of Defendant, Wells Fargo Home Mortgage, To Dismiss The Complaint (Doc. No. 5) and Plaintiff's Answer (Doc. No. 7), it is ORDERED that Defendant's Motion is GRANTED in part and DENIED in part as follows:

1. Count One is DISMISSED to the extent that it sets forth a claim based on § 1692f.

2. Count Two is DISMISSED in full.

IT IS SO ORDERED.

BY THE COURT:

S/ R. Barclay Surrick
_____
R. Barclay Surrick, Judge